**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. ADAM WITKIN, | : Civil Action No. 1:11-cv-10790-DPW |
| | : |
| | : Judge Douglas P. Woodlock |
| Plaintiffs and Relator | : |
| | : |
| v. | : |
| | : |
| MEDTRONIC, INC. & MEDTRONIC, MINIMED, INC., | : |
| | : |
| Defendants. | : |

**RELATOR ADAM WITKIN'S MOTION AND MEMORANDUM REQUESTING A CONFERENCE ON THE STATUS OF THE PENDING SUMMARY JUDGMENT MOTIONS AND MOTION FOR PHASE II DISCOVERY**

Relator Adam Witkin ("Relator") respectfully requests a status conference regarding the Court's consideration of Defendants' outstanding Motions for Summary Judgment regarding Relator's Second Amended Complaint, filed November 14, 2017, as well as Relator's Motion for Phase Two Discovery and Notice of Declaration in Compliance with Fed. R. Civ. P. 56(d), filed January 8, 2018.

**Memorandum in Support**

The summary judgment motions, as well as Relator's Motion for Phase Two Discovery, and Request under Rule 56(d) for further discovery, were heard in hearing on February 14, 2018. The Court permitted post-hearing memoranda, filed in March 2018 (Docs. 221, 226). Since that time, the parties have also submitted Notices of Supplemental Authority (Docs. 227, 232, 233, 234, 238) and the United States recently filed a Statement of Interest in regard to supplemental authority (Doc. 235).

Relator's counsel are concerned about the preservation of the record and the effect of passage of time on witnesses' memories. Relator respectfully requests a status

conference to discuss the timing of pending motions, and whether Phase Two discovery may proceed.

## Background

The Second Amended Complaint (Doc. 74) alleges that Defendants Medtronic, Inc. and Medtronic Minimed, Inc. (collectively, "Medtronic") launched a national sales strategy in 2008 to introduce "iPro clinics" to physicians nationwide as a means to drive prescriptions of its insulin pumps.[1] Under that strategy, Medtronic developed a financial package of free services and other incentives to offer physicians with a purpose of securing their referrals.[2] Relator alleges the nationwide implementation of these arrangements with physician practices violated the Anti-Kickback Statute ("AKS") and created prohibited remuneration relationships under the Stark Law. And, because these illegal incentives were intended to, and did, result in new pump referrals paid by government healthcare programs, Relator alleges the resulting claims were false claims under the False Claims Act. *See, e.g.,* Relator's Opposition to Defendants' Motion for Summary Judgment (Doc. 188).  Relator's Second Amended Complaint also states a claim for retaliatory termination in violation of the False Claims Act, and state law (Doc. 74, Counts IV, VI).

This matter was initiated by the filing of Relator's *qui tam* Complaint on May 5, 2011 (Doc. 1). By late 2012, the United States and the Plaintiff States filed notices

---

[1] "iPro clinics" refers to clinical sessions set up with patients at the physicians' offices, in order for Medtronic to use its professional continuous glucose monitoring device, called an iPro, to evaluate patients for conversion to insulin pump therapy. *E.g.,* Doc. 74, at ¶¶ 13-15.
[2] These incentives included providing free labor to conduct the clinics while giving the physicians the opportunity to bill for the related professional service codes, providing free nursing, consulting and other services to the physician's practices, and making lucrative, above fair market value, pump training payments. *See generally* Doc. 189, Relator's Statement of Material Facts.

declining to intervene in the litigation (Docs. 12, 15). The matter was unsealed and Relator served the complaint on Defendants on November 9, 2012 in compliance with 31 U.S.C. § 3730(b) (Docs. 16, 17). Relator filed an Amended Complaint on February 11, 2013 (Doc. 38), and Defendants moved to dismiss (Doc. 41). That motion, and related briefing, was heard on June 27, 2013 (Doc. 71). In response to the Court's guidance during the June 27, 2013 hearing, Relator filed a Second Amended Complaint on August 1, 2013 (Doc. 74). The Court denied the Motion to Dismiss, in part, on May 23, 2016, permitting claims relating to AKS and Stark violations to proceed, as well as Relator's claims for retaliation under Counts IV and VI (Doc. 86).[3] The matter proceeded into discovery on June 10, 2016.

### Phase One Discovery and Pending Motions

At hearings held on October 19, 2016 (Doc. 110) and November 21, 2016 (Doc. 115), the Court established a case management plan which contemplated summary judgment motion practice after "Phase One" discovery, which was limited to the Relator's geographic territory[4] and certain limited medical practices specifically referenced in Relator's Complaint in the time frame January 1, 2007 through December 31, 2014. (Doc. 98). After "Phase One" discovery, and in connection summary judgment motion practice, the Court indicated that it would evaluate whether and to what extent "Phase Two" discovery would be appropriate. Through the use of Rule 56(d) declarations at summary judgment, the Court described that Relator would have "an opportunity to say, 'We need

---

[3] The Court dismissed allegations relating to off-label marketing and ineligible pump orders, and Count V relating to Oregon retaliation claims. Doc. 86 at 48.

[4] Relator Adam Witkin was employed by the Diabetes Division of Medtronic from November 2004 until he was unjustly terminated on February 28, 2011. He originally held the position of Territory Manager and was elevated to Senior Territory Manager.

additional discovery to deal with it, because, while you have only dealt with the Phase One part of it, there is still a Phase Two out there that has not been discovered'" (Doc. 110 at 9).

This process occurred in November 2017 through March 2018 after the completion of Phase One discovery. Defendants filed a Motion for Summary Judgment as to Relator's FCA Claims on November 14, 2017 (Doc. 175); Relator opposed on January 5, 2018 (Doc. 188), and Defendants replied on January 31, 2018 (Doc. 204). In conjunction with this briefing, Relator filed a Motion for Phase Two Discovery and Notice of Declaration in Compliance with Fed. R. Civ. P. 56(d) on January 5, 2018 (Doc. 190). Defendants opposed on January 31, 2018 (Doc. 200).

On February 14, 2018, the Court heard oral arguments on the above-referenced motions. At the hearing, the Court permitted Relator to file a reply to the motion for Phase Two Discovery, which Relator filed on March 2, 2018 (Doc. 220), and permitted both parties to file post-hearing memoranda on certain issues raised at the hearing, which were filed in March 2018 (Docs. 221, 226). Since that time, the parties have also submitted Notices of Supplemental Authority (Docs. 227, 232, 233, 234, 238) and the United States recently filed a Statement of Interest in regard to supplemental authority (Doc. 235).

Also pending is a motion for summary judgment regarding Relator Witkin's personal retaliation claims. Defendants filed that motion contemporaneously with the other motion for summary judgment (Doc. 172). That briefing is also complete (*see* Doc. 185, Relator's Opposition; Doc. 201, Defendants' reply).

**Request for Status Conference**

The pending motions were fully briefed and argued by early 2018. Because of the nature of the motions, all parts of this matter have been effectively stayed since that time. Relator's counsel are concerned about the age of this matter, and the effect on witnesses' memories and the preservation of related evidence. Relator recognizes that it is unusual to make this request, and does so cautiously, to ensure that the Court intends this matter to remain stayed until further order.

**Conclusion**

Relator respectfully requests that this Court schedule a conference to review the status of the schedule, in light of the Court's consideration of the pending motions and subsequent briefing.

Respectfully submitted,

*s/ Jennifer M. Verkamp*
Jennifer M. Verkamp
Frederick M. Morgan, Jr.
Chandra Napora
MORGAN VERKAMP LLC
35 East Seventh Street, Suite 600
Cincinnati, Ohio 45202
jverkamp@morganverkamp.com
rmorgan@morganverkamp.com
cnapora@morganverkamp.com

David Rich (BBO# 634275)
Christopher Weld (BBO# 522230)
Christian G. Kiely (BBO# 684308)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
drich@toddweld.com
cweld@toddweld.com
ckiely@toddweld.com
Tel: (617) 720-2626

**Counsel for Relator**

## **LOCAL RULE 7.1 CERTIFICATION**

Counsel for Relator conferred with counsel for Defendants concerning this motion, and counsel for Defendants indicated that they did not assent to this motion.

*s/ Jennifer M. Verkamp*
Jennifer M. Verkamp

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Court's electronic filing system on August 17, 2021, resulting in service on all counsel of record.

*s/ Jennifer M. Verkamp*
Jennifer M. Verkamp
