## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA *et al., ex rel.* ADAM WITKIN, <br><br> Plaintiffs, <br><br> v. <br><br> MEDTRONIC, INC., *et al.*, <br><br> Defendants. | No. 11-cv-10790-IT |

## STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA

I.      **INTRODUCTION**

The defendants' Memorandum (ECF No. 309-1) elides key holdings in the First Circuit's recent decision, *United States v. Regeneron*, 128 F.4th 324 (2025), and misleadingly characterizes the arguments of the government's October 27, 2023 Statement of Interest (ECF No. 250).  These feints are not entirely surprising because the omitted sections of the First Circuit's opinion undermine the defendants' incorrect claim that *Regeneron* "held that, following a 2010 amendment adding 'resulting from' to the Anti-Kickback Statute's ('AKS') statutory text, AKS-based [False Claims Act] allegations require pleading and proving but-for causation." Mem. at 1.  To the contrary, the First Circuit clearly and unambiguously held that, where the government (or a relator) chooses to prove False Claims Act ("FCA") falsity under a false-certification theory, proof of but-for causation is *not* required:  "there is nothing in the 2010 amendment that requires proof of but-for causation in a false-certification FCA case." *Regeneron*, 128 F.4th at 333.  In so doing, the court adopted the government's argument that proving falsity through false certification "remains available today" and "under a false-certification theory, a plaintiff need not show that the claimed items or services would not have been provided but for a kickback."  Appellant Br., *United States v. Regeneron*, 2024 WL 1558767, at *12 & n.4 (1st Cir. Apr. 1, 2024); *Regeneron*, 128 F.4th at 333 ("On both points, we agree.").  And, though the defendants misleadingly suggest otherwise (*see* Mem. at 2), the government's October 27, 2023 Statement of Interest in this case made these same points—in fact, the government dedicated an entire section of its brief to these arguments.  *See* ECF No. 250 at 9-11.

Because the United States has a significant interest in how judicial decisions shape enforcement of the FCA and AKS, it submits this Statement of Interest to clarify the holding of

*Regeneron* and correct the record.[1]  First, *Regeneron* makes clear that the false certification theory of liability remains a viable way to prove falsity in FCA actions arising from AKS violations.  Claims brought under this theory do *not* require proof of but-for causation.  Second, when but-for causation is required because the government or relator does rely on the separate, "new pathway" of 42 U.S.C. § 1320a-7b(g) to prove falsity, that causal standard is not intended to be "so difficult" or burdensome to meet.  *Regeneron*, 128 F.4th at 331, 335.

## II.    PROOF OF BUT-FOR CAUSATION IS NOT REQUIRED UNDER A FALSE CERTIFICATION THEORY OF LIABILITY

*Regeneron* adopted the government's argument that there are different "track[s]" or "pathway[s]" of proving falsity to establish FCA liability predicated upon AKS violations.  *Id.* at 333-34 (citing the government's brief).  As the First Circuit has recognized for at least thirteen years, and as *Regeneron* affirmed, one such pathway is the false certification theory, i.e., "when someone falsely represents compliance with a material requirement that there be no AKS violation in connection with the [FCA] claim."  *Id.* at 332-33 (citing *United States ex rel. Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377, 392-94 (1st Cir. 2011)).  Under this pathway, "it is not the AKS violation itself that renders the claim false.  Rather, it is the false representation that there is no AKS violation."  *Id.*  Even without an express certification of compliance, a provider can be liable under the FCA if it "makes specific representations about the goods or services provided" but "fail[s] to disclose noncompliance with material statutory, regulatory, or contractual requirements" in a way that "makes those representations misleading half-truths."  *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 190 (2016).

---

[1]    Under 28 U.S.C. § 517, the Department of Justice is authorized "to attend to the interests of the United States in" pending suits.  As described in its October 27, 2023 Statement of Interest, the United States has a significant interest in how judicial decisions may shape future enforcement of the FCA and the AKS.  *See* ECF No. 250 at 1-2.

The *Regeneron* decision affirmed two important points regarding false certification FCA cases.  First, they "d[o] not require proof of causation to demonstrate falsity under the FCA."  *Regeneron*, 128 F.4th at 333-34 (agreeing with the government that "a material misrepresentation of compliance with the AKS [is] enough"); *see also id.* at 334 (noting that "false-certification claims require no proof of causation").  Second, the 2010 amendment to the AKS did not disturb false certification caselaw by imposing a but-for causation requirement when claims are brought under the false certification theory.  *Id.* at 333 (agreeing with the government on this point as well).  In so holding, the First Circuit read the Sixth and Eighth Circuits as reaching the same conclusion, i.e., that "the 2010 amendment did not disturb alternative theories of FCA liability (e.g., false certification)."  *Id*. (citing *United States ex rel. Cairns v. D.S. Med. LLC*, 42 F.4th 828, 836 (8th Cir. 2022); *United States ex rel. Martin v. Hathaway*, 63 F.4th 1043, 1053 (6th Cir. 2023)).  "Put simply, claims under the 2010 amendment run on a separate track than do claims under a false-certification theory."  *Regeneron*, 128 F.4th at 334.

So while the defendants chose to ignore the several pages of *Regeneron* dedicated to the false certification theory of liability, there is no question that the false certification theory remains a viable way for the government (or a relator) to bring FCA claims predicated upon AKS violations.  When the government (or a relator) chooses to do so, the First Circuit has made clear that "false-certification claims require no proof of causation."  *Id.*

III.    **UNDER THE 2010 AMENDMENT, BUT-FOR CAUSATION IS NOT AN INSUPERABLY DIFFICULT BURDEN, AND CAN BE PROVEN THROUGH A VARIETY OF EVIDENCE**

A second "track" or "pathway" of proving falsity to establish FCA liability predicated upon AKS violations is through the 2010 amendment to the AKS.  When Congress amended the statute, it added Section 1320a-7b(g), which states that any "claim that includes items or services

3

resulting from a violation of [the AKS] constitutes a false or fraudulent claim for purposes of [the FCA]." 42 U.S.C. § 1320a-7b(g). The Court of Appeals noted that, when it passed Section 1320a-7b(g), Congress "establish[ed] a new pathway to liability for AKS violations." *Regeneron*, 128 F.4th at 331. That "new pathway" removed some obstacles to proving liability: when it relies on Section 1320a-7b(g), the government (or a relator) does not have to prove falsity or materiality. *See id.* at 334 (citing *Guilfoile v. Shields*, 913 F.3d 178, 190 (1st Cir. 2019)). But these benefits come with some cost (as the First Circuit has now clarified)—when it removed the obstacles of falsity and materiality with Section 1320a-7b(g), Congress added a new obstacle of but-for causation. *See id.* at 336.

To the extent the government or a relator chooses to proceed under Section 1320a-7b(g), the but-for causation standard is not an "insuperably difficult" burden to meet. *United States v. Regeneron Pharma., Inc.*, No. 20-11217-FDS, 2023 WL 6296393, at *12 (D. Mass. Sept. 27, 2023); *see also Hathaway*, 63 F.4th at 1055 (finding that a "faithful interpretation" of but-for causation under the 2010 amendment "resulting from" language "still leaves plenty of room to target genuine corruption"). As Judge Saylor explained in his now-affirmed summary judgment order, one can look to tort common law, where but-for causation does *not* require that an actor be "the sole factual cause of a harm." *Regeneron*, 2023 WL 6296393, at *12. Indeed, even "a negligent act will satisfy the but-for causation requirement if it was a 'substantial factor in bringing about' the harm." *Id.* (citation omitted). Furthermore, but-for causation (as all elements in a civil case) is evaluated under a preponderance standard, and the government (or a relator) can prove it in a variety of ways, including through circumstantial evidence and reasonable inferences. *Id.*; *see United States ex rel. Radhakrishnan v. Modern Vascular LLC*, No. CV-21-01206-PHX-GMS, 2024 WL 894671, at *4 (D. Ariz. Mar. 1, 2024)

4

(finding at the motion to dismiss stage that the government's FCA allegations based upon AKS violations were sufficient to plausibly infer but-for causation, and listing a number of different allegations supporting that inference); *see also United States ex rel. Schnupp v. Blair Pharmacy*, Civil No. ELH-17-2335, 2025 WL 375927, at \*32-33 (D. Md. Jan. 28, 2025) (finding that relator's reliance on agreed-upon facts in a stipulation would establish but-for causation under the 2010 amendment). Indeed, even temporal proximity is evidence supporting but-for causation. *Regeneron*, 2023 WL 6296393, at \*12.

In affirming Judge Saylor's order, the First Circuit observed that applying a but-for causation standard does not "render[] it so difficult to establish liability that the 2010 amendment would have no practical effect." *Regeneron*, 128 F.4th at 335. The Supreme Court and the First Circuit, evaluating other areas of the law, have similarly found that proving but-for causation is not an insurmountable burden. *See, e.g.*, *Bostock v. Clayton County, Georgia*, 590 U.S. 644, 656 (2020) (holding in a Title VII case that but-for causation can be a "sweeping standard" and that events often have "multiple but-for causes"); *United States v. Kilmartin*, 944 F.3d 315, 327 (1st Cir. 2019) (holding in the criminal context that but-for causation is often regarded as the "minimum requirement" for a finding of causation, and that a defendant's conduct can be a but-for cause "even when it combines with other independent causes") (citing *Burrage v. United States*, 571 U.S. 204 (2014)). Indeed, the First Circuit has approved of plaintiffs proving but-for causation through various categories of evidence. *See, e.g.*, *In re Neurontin Marketing and Sales Practices Litig.*, 712 F.3d 60, 68 (1st Cir. 2013) (finding in a RICO case that plaintiff introduced sufficient evidence of but-for causation to withstand summary judgment through expert reports, aggregate statistical evidence, and other circumstantial evidence). To the extent the relator is

5

pursuing claims under the 2010 amendment, he is entitled to do the same (though the United

States takes no position on the sufficiency of the relator's evidence).

## IV.    CONCLUSION

For the foregoing reasons, the Court should reject the defendants' misinterpretation of

the First Circuit's decision in *United States v. Regeneron*, 128 F.4th 324 (2025).


Dated:  March 20, 2025                     Respectfully submitted,


YAAKOV M. ROTH                             LEAH B. FOLEY
Acting Assistant Attorney General          United States Attorney
Civil Division


*/s/ Kelly Quinn McAuliffe*                 */s/ Charles B. Weinograd*
JAMIE ANN YAVELBERG                         CHARLES B. WEINOGRAD
KELLY QUINN MCAULIFFE                       United States Attorney's Office
Attorneys, Civil Division                   1 Courthouse Way, Suite 9200
U.S. Department of Justice                   Boston, MA 02210
101 W. Main Street, Suite 8000              (617) 748-3100
Norfolk, VA 23510                           Charles.Weinograd@usdoj.gov
(202) 616-5578
Kelly.Q.McAuliffe@usdoj.gov

6