UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. ADAM WITKIN, | * * * | |
| Plaintiffs and Relator, | * | |
| v. | * | Civil Action No. 1:11-cv-10790-IT |
| | * | |
| MEDTRONIC, INC., & MEDTRONIC MINIMED, INC., | * * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

March 27, 2025

TALWANI, D.J.

Pending before the court is Defendants Medtronic, Inc. and Medtronic MiniMed, Inc.'s (collectively, "Medtronic") Motion to Stay Proceedings [310] pending the court's ruling on the Motion for Reconsideration filed by Medtronic on the same day. For the reasons set forth below, the Motion to Stay is GRANTED.

"It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons." Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004) (citing Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," and exercising such power requires the court to "weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254–55 (citation omitted).

Medtronic argues that the First Circuit's recent decision in United States v. Regeneron Pharms., Inc., 128 F.4th 324 (1st Cir. 2025), undermines this court's summary judgment order on the issue of causality required under the Anti-Kickback Statute. See Mem. in Support of Mot. to

Stay 2–3 [Doc. No. 310-1]. Medtronic argues good cause exists to stay these proceedings because if the court grants Medtronic's Motion for Reconsideration, "all of Relator's substantive FCA claims would be resolved, Phase II discovery would be unnecessary, and only trial of Relator's retaliation claims would remain." Id. at 3.

Relator contests the extent to which the Regeneron decision impacts this court's summary judgment order and argues that a stay is unwarranted where Medtronic would not be harmed by continuing to engage in the normal course of litigation, but Relator would be harmed by further delays in a fourteen-year-old case where discovery is still not complete. See Opp. to Mot. to Stay 5–9 [Doc. No. 313].

The court shares Relator's concerns as to further delays in this case but nonetheless finds a limited stay of proceedings appropriate in light of the procedural history here. Discovery was bifurcated into two phases, with Phase II's nationwide discovery proceeding only if Relator's claims survived summary judgment based on Phase I discovery. See Tr. of Mot. Hr'g 18:19–19:2 (denying, with limited exceptions, motion for Phase II discovery "without prejudice to reconsideration in light of the resolution of the summary judgment motions that are now before me" following Phase I discovery) [Doc. No. 218]; Scheduling Order [Doc. No. 98]. This court denied Medtronic's motion for summary judgment in part and allowed certain of Relator's allegations under the Anti-Kickback Statute to go forward. See Mem. & Order 46 [Doc. No. 271].

Medtronic promptly filed a Motion for Certificate of Appealability [Doc. No. 277] and Motion to Stay [Doc. No. 279], arguing that the appropriate causation standard was a controlling question of law that the First Circuit should resolve before further discovery in this case. Relator agreed that there is a difference of opinion as to that standard but argued that the issue was not

controlling in this case, and that he would prevail under either standard. Opp. to Mot. to Certify 4–5 [Doc. No. 283]. Relator argued further that the causation issue Medtronic sought to certify "will only inform the shape and scope of the ultimate trial of this matter for claims dated post-2010, after the AKS amendment to add subsection (g)." Id. at 4; see also Sur-Reply in Support of Opp. to MSJ [Doc. No. 251]. In denying the request to certify the decision for interlocutory appeal and the first motion to stay, the court did not determine whether the disputed causation standard was controlling in this case. Mem. & Order 2 [Doc. No. 292]. The court instead concluded that Medtronic had not shown that an immediate appeal would advance the ultimate termination of the litigation where the causation standard was already before the First Circuit in several cases, including in Regeneron. Id.

Now that the First Circuit has resolved the causation issue in Regeneron, the parties' dispute as to whether that issue is determinative of Relator's claims here needs to be addressed and is properly before the court on Medtronic's Motion for Reconsideration. While a ruling in Medtronic's favor would end the litigation before this court, a ruling in Relator's favor may still recast the scope of Phase II discovery. Accordingly, the court determines that a brief stay of discovery would serve to conserve both the court's and the parties' resources.

For the foregoing reasons, Medtronic's Motion to Stay Proceedings [Doc. No. 310] is GRANTED. This action is stayed during the pendency of Medtronic's Motion for Reconsideration [Doc. No. 309], which the court anticipates addressing expeditiously.

    IT IS SO ORDERED.

March 27, 2025                                        /s/ Indira Talwani
                                                                                United States District Judge